## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

**MELVIN JACKSON**
635 Edgewood Street, NE
Apt. 514
Washington, D.C. 20017

CORPORATION, a.k.a. MD
FINANCIAL, INC., a.k.a. **EDGEWOOD TERRACE III**, a.k.a. **EDGEWOOD SENIORS**,
8403 Colesville Rd., Suite 400
Silver Spring, MD 20910

and

**EDGEWOOD MANAGEMENT CORPORATION**, a.k.a. **EDGEWOOD MANAGEMENT COMPANY**,
1811 Irving St. NE
Washington D.C. 20018

and

**COMMUNITY PRESERVATION AND DEVELOPMENT CORPORATION**
5531 Connecticut Ave. NW, # 250
Washington, D.C. 20015

and

**EDGEWOOD TERRACE PRESERVATION CORPORATION**
5531 Connecticut Ave. NW, # 250

Defendants.

RECEIVED
Civil Clerk's Office
JUL 2 5 2005
Superior Court of the
District of Columbia
Washington, D.C.

06 0055

FILED
JAN 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT


EXHIBIT
1

1

## COMPLAINT
(Personal Injury/Premises Liability)

1. This Honorable Court has jurisdiction of this case, by virtue of 11 D.C. Code section 921, in that the amount in controversy exceeds the minimum jurisdictional requirements of this Court.

2. Defendant, Mid-City Financial Corporation, a.k.a. MB Financial, Inc., a.k.a. Edgewood Terrace III, a.k.a. Edgewood Seniors, is a Delaware corporation that develops housing in the Washington D.C. metropolitan area.

3. Defendant, Edgewood Management Corporation, a.k.a. Edgewood Management Company ["Edgewood"] is a Maryland corporation which owns and/or manages residential properties.

4. Defendant, Community Preservation and Development Corporation, ["CPDC"], is a Maryland corporation which owns and/or manages residential buildings.

5. Defendant, Edgewood Terrace Preservation Corporation, ["ETPC"], is a Maryland corporation which owns/and or manages residential buildings..

6. At all times relevant to this complaint, one or more of the defendants have owned or managed a building located at 635 Edgewood St. NE, Washington, DC. ["the premises"].

7. On or about August 1, 2002, plaintiff was lawfully present at the premises, where he then resided. As he was exiting the building walking down the stairs outside of the building, he fell on the exterior steps.

8. The above incident occurred because employees and agents of one or more of the defendants had negligently failed to properly maintain and/or inspect the outside steps, failed to

2

and egress at the premises, failed to keep the exit closed until these problems were corrected, failed to warn the plaintiff and other foreseeable users, and other acts of negligence.

9. At all times relevant to this complaint, defendants owed plaintiff an implied warranty of reasonable safety when entering or exiting the premises. Notwithstanding this duty, one or more of the defendants breached this warranty.

10. As a result of said occurrence, plaintiff has suffered and will continue to suffer physical and mental injury, with accompanying pain and suffering. In addition, he has incurred and will continue to incur medical expenses and other economic loss.

WHEREFORE, plaintiff, Melvin Jackson, seeks judgment against defendants, jointly and severally, in an amount in excess of the minimum jurisdictional requirements of this Court, plus interest and costs.

Respectfully Submitted,

Kenneth M. Trombly, #199547
1050 17th Street, N.W.
Suite 1250
Washington, D.C. 20036
(202) 887-5000

*Attorney for Plaintiff*

**JURY DEMAND**

Plaintiff seeks a trial by jury on all issues.

_____
Kenneth M. Trombly

4