IN THE SUPERIOR COURT OF THE
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| MELVIN JACKSON | * | |
| Plaintiff | * | CIVIL ACTION NO.: 05-0005718 |
| v. | * | The Honorable Natalia Combs Greene |
| MID-CITY FINANCIAL CORP., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \*

### ANSWER

Defendant, Edgewood Management Corporation, by its undersigned counsel, pursuant to Rule 12, *Superior Court Rules of Civil Procedure for the District of Columbia*, hereby answers the Plaintiff's Complaint as follows:

1. Paragraph 1 of the Complaint contains jurisdictional allegations only, which need not be admitted or denied.

2. The Defendant is without knowledge sufficient to form a response to the allegations contained in Paragraph 2 of the Complaint, but to the extent a response is required, the allegations are denied.

3. The Defendant admits the allegation contained in Paragraph 3 of the Complaint that it manages residential properties, but denies the allegation that it owns residential properties.

06 0055

FILED
JAN 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT


EXHIBIT
10

4. The Defendant is without knowledge sufficient to form a response to the allegations contained in Paragraph 4 of the Complaint, but to the extent a response is required, the allegations are denied.

5. The Defendant is without knowledge sufficient to form a response to the allegations contained in Paragraph 5 of the Complaint, but to the extent a response is required, the allegations are denied.

6. The Defendant denies the allegation contained in Paragraph 6 of the Complaint that it owns the building located at 635 Edgewood Street, N.E., Washington, DC, but admits the allegation that it manages that building.

7. The Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. The Defendant denies the allegations of Paragraph 8 of the Complaint.

9. The Defendant denies the allegations of Paragraph 9 of the Complaint.

10. The Defendant denies the allegations of Paragraph 10 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

11. The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

12. The Plaintiff's claim is barred by the doctrine of contributory negligence.

### THIRD AFFIRMATIVE DEFENSE

13. The Plaintiff's claim is barred by the doctrine of the assumption of the risk.

### FOURTH AFFIRMATIVE DEFENSE

14. The Plaintiff has failed to join a party in whose absence complete relief cannot be afforded among the parties to this action.

### FIFTH AFFIRMATIVE DEFENSE

15. The Plaintiff's injuries and damages were caused by acts or omissions of persons or entities other than this Defendant.

### SIXTH AFFIRMATIVE DEFENSE

16. The Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, Edgewood Management Corporation, Defendant, moves that the Plaintiff's Complaint be dismissed with costs assessed against the Plaintiff.

Respectfully submitted,

W. John Vernon (Bar No. 413891)
Jennifer S. Lubinski (Bar No. 471697)
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, Maryland 21201
(410) 539-5881

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of October, 2005, a copy of the foregoing Answer of Edgewood Management Corporation, was mailed, first class, postage prepaid, to: Kenneth M. Trombly, Esquire, 1050 17th Street, NW, Suite 1250, Washington, DC 20036, attorney for Plaintiff.

Jennifer S. Lubinski

349978

4