## IN THE SUPERIOR COURT OF THE
## DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| MELVIN JACKSON | * | |
| Plaintiff | * | CIVIL ACTION NO.: 05-0005718 |
| v. | * | The Honorable Natalia Combs Greene |
| MID-CITY FINANCIAL CORP., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \*

### REQUEST FOR PRODUCTION OF DOCUMENTS

Edgewood Management Corporation, Defendant, by its undersigned counsel, pursuant to the *Superior Court Rules of Procedure for the District of Columbia*, requests that Melvin Jackson, Plaintiff, produce the following documents.

### INSTRUCTIONS

You must file a response to these Requests within thirty (30) days after service of them or provide within such time period the reason for your refusal to produce any document or part thereof requested. If you withhold a document on the basis of an assertion of privilege, you shall identify the date of the document, its author, subject matter, each recipient (whether indicated on the document or not), and the privilege asserted.

The documents shall be produced at the offices of Lord & Whip, P.A., 36 South Charles Street, 10th Floor, Baltimore, Maryland 21201, to allow for inspection and copying thereof. They shall be produced in the files and order as they are kept in the

06 0055

FILED

JAN 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

EXHIBIT 16

ordinary course of business or in an order that organizes and labels them so as to correspond to each request made.

If any document responsive to any request was, but no longer is, in your possession, custody or control, please identify each such document and indicate the manner and circumstances under which it left your possession, custody or control, and its whereabouts, if known.

These Requests are continuing in nature and require that you supplement your response and production throughout the pendency of this action.

## DEFINITIONS

The terms "you" or "your" refer to the person to whom this Request is addressed and that person's representatives, agents, subrogees, employees, subsidiaries, affiliates, officers, directors, and, unless privileged, attorneys.

The term "person" includes a natural person, a corporation, partnership, other business entity or association, and any government or governmental body, commission, board or agency.

The term "occurrence" unless otherwise indicated, refers to the time, place and circumstances of the event to which reference is made in the complaint herein filed.

The terms "document" or "documents" include every tangible thing from which information can be obtained, perceived, reproduced, or communicated, either directly or with the aid of a machine or device, including, but not limited to, any written, typed, printed, punched, filmed, marked, recorded, or graphic matter, correspondence and memoranda (internal or otherwise), drawings, graphs or charts, tapes or wires, films,

photographs, movies, disks, drums, cassettes, computer data, punched data or other data computations, however stored, produced or reproduced and all copies of transcriptions of any of the aforegoing by whatever means made.

The term "premises" refers to the location of the occurrence described in the Complaint.

## DOCUMENTS REQUESTED

1. Any and all statements, either written or recorded, made by the party propounding this Request, or by the party's agent, servant, or employee, in any way related to the occurrence or to this action.

2. All documents containing oral, written or otherwise recorded statements relating to the happening of the occurrence.

3. All documents and/or photographs identified in your Answers to Interrogatories.

4. All written reports of each person who you expect to call as an expert witness at trial.

5. The most recent resume or curriculum vitae of each expert who you expect to call as an expert witness at trial.

6. Copies of all bills, appraisals, invoices, vouchers, and other documents which you intend to rely on in support of any of the damages or expenses claimed in this action.

7. All documents and written reports prepared by you, and/or on your behalf, in the ordinary course of business concerning the occurrence.

8. All documents and written reports concerning any investigation conducted by you, and/or on your behalf, in the ordinary course of business in connection with the occurrence.

9. All photographs, plats or diagrams of the scene and/or objects connected with the occurrence.

10. All medical records, hospital records, physician notes, drawings, charts, graphs, photographs, x-rays, dental records or other documents concerning any and all injuries allegedly incurred by you as a result of the occurrence. If your response is that you do not have such medical reports, hospital records, physicians notes, etc., in your possession, the Plaintiff is requested to execute the medical records release authorization which is attached to this Request.

11. All medical reports, hospital records, physician notes, charts, graphs, photographs, x-rays, medical records or other documents concerning any and all injuries, illnesses, sicknesses, diseases or disabilities which you have experienced at any time within ten (10) years prior to the occurrence and up to the present date.

12. Any and all federal and state tax returns filed by you in the past five (5) years, including, but not limited to, all statements, schedules and attachments, as well as estimated tax returns.

13. Any and all statements or other documents from your employer or employers concerning any time claimed to have been lost from your work as a result of the occurrence.

4

14. All photographs, videotapes, audiotapes, x-rays, diagrams, surveys or other graphic representations of information concerning the subject matter of this action.

15. All documents which you intend to rely on in support of your contention that the Defendant committed any act or omission of negligence which caused or contributed to your alleged injuries and damages.

16. All documents which you intend to rely on in support of your contention that a condition(s) on the premises caused or contributed to your alleged injuries and damages.

17. All documents which you intend to rely on in support of your contention that the Defendant knew or should have known of the condition(s) on the premises which caused or contributed to your alleged injuries and damages.

18. All documents arising out of, pertaining to and/or confirming your presence within the premises on the date of the occurrence.

19. All documents evidencing any communications between you, or anyone on your behalf, and the Defendant, or anyone on its behalf, concerning or relating to the occurrence or to the existence of the condition which allegedly caused the occurrence.

20. All documents which you intend to rely on in support of your contention that the Defendant owned, possessed, managed, and/or controlled the location of the alleged occurrence.

21. All documents which you intend to rely upon to show that the Defendant had prior notice of the condition which allegedly caused the occurrence.

_____
W. John Vernon (Bar No. 413891)
Jennifer S. Lubinski (Bar No. 471697)
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, Maryland 21201
(410) 539-5881

Attorneys for Defendants

349999



## HIPPA-COMPLIANT AUTHORIZATION
## TO DISCLOSE HEALTH INFORMATION

Patient Name: __Melvin Jackson__          Health Record Number _____
                                         Social Security No: __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__

Date of Birth: __March 7, 1935__

1. I authorize the use or disclosure of the above named individual's health information as described below:
2. The following individual or organization is authorized to make the disclosure:

_____

Address: _____

3. The type and amount of information to be used or disclosed is as follows: (include dates where appropriate)

☐ problem list

☐ medication list

☐ list of allergies

☐ immunization record

☐ most recent history and physical

☐ most recent discharge summary

☐ laboratory results        from (date) _____ to (date) _____

☐ x-ray and imaging reports from (date) _____ to (date _____

☐ consultation reports      from (doctors' names) _____

**X** entire record

☐ other _____

4. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

5. This information may be disclosed to and used by the following individual or organization:

__W. John Vernon, Esquire and Jennifer S. Lubinski, Esquire, Lord & Whip, P.A., 36 South Charles Street, 10th Floor, Baltimore, Maryland 21201__

for the purpose of: __Litigation__

6. I understand I have the right to revoke this authorization at any time. I understand if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire on the following date, event or condition: _____. If I fail to specify an expiration date, event or condition, this authorization will expire in six months.

7. I understand the authorization the disclosure of this health information is voluntary, I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact (insert HIM director, privacy officer, or other office or individual's name or contact information).

_____  
Signature of Patient or Legal Representative  
**Melvin Jackson**

_____  
Date

_____  
If Signed by Legal Representative, Relationship to Patient

_____  
Signature of Witness

350007