## IN THE SUPERIOR COURT OF THE
## DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| MELVIN JACKSON | * | |
| Plaintiff | * | CIVIL ACTION NO.: 05-0005718 |
| v. | * | |
| MID-CITY FINANCIAL CORP., et al. | * | |
| Defendants | * | |

\* \* \* \* \* \* \*

### NOTICE TO TAKE DEPOSITION DUCES TECUM

PLEASE TAKE NOTICE that the deposition for the purpose of discovery will be taken of:

> Custodian of Records
> District of Columbia Fire & EMS Department
> 1923 Vermont Avenue NW, Suite 201
> Washington, DC 20001

on Monday, November 28, 2005, beginning at 10:00 a.m. and from day to day thereafter until completion, before a notary public or an officer authorized by law to administer an oath at the offices of Lord & Whip, P.A., 36 South Charles Street, 10th Floor, Baltimore, Maryland 21201. The deponent(s) are to appear and produce all records in their possession concerning the medical records from January 1, 1999 through the present of:

NAME:   Melvin Jackson
SSN:    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
DOB:    3/7/35

06 0055

FILED
JAN 1 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT


EXHIBIT 18

The attorneys for Mr. Jackson are being given notice of this subpoena and Notice To Take Deposition and will be given the opportunity to object to it by filing a Motion for Protective Order. The medical condition of Melvin Jackson has been placed at issue in this litigation, and accordingly, all medical records of the patient are required and relevant to respond to this subpoena.

**Please take further notice that this deposition is for the production of documents only, unless otherwise noted. No oral testimony will be taken if the records requested have been received by the date specified.**

W. John Vernon (Bar No. 413891)
Jennifer S. Lubinski (Bar No. 471697)
Lord & Whip, P.A.
Charles Center South, 10th Floor
36 South Charles Street
Baltimore, Maryland 21201
(410) 539-5881

Attorneys for Defendants

351230

**SUBPOENA**

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone (202) 879-1133

Melvin Jackson
_____
Plaintiff

SUBPOENA IN A CIVIL CASE

v.

Mid-City Financial, et. al.
_____
Defendant

CASE NUMBER: 05-0005718

To: Custodian of Medical Records
District of Columbia Fire & EMS Department
1923 Vermont Avenue NW, Ste. 201
Washington, D.C. 20001

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| COURTROOM | DATE | TIME |
|---|---|---|
|  |  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE | TIME |
|---|---|---|
|  |  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below *(list documents or objects)*:

| DOCUMENTS OR OBJECTS | | |
|---|---|---|
| All medical records for Melvin Jackson | | |
| PLACE OF PRODUCTION | DATE | TIME |
| 36 S. Charles St., 10th Flr., Baltimore, MD 21201 | 11/28/2005 | 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE | TIME |
|---|---|---|
|  |  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. SCR-CIV 30(b)(6).

| ISSUING PERSON'S SIGNATURE AND TITLE (indicate if attorney for plaintiff or defendant) | DATE |
|---|---|
| [signature]   Attorney for Defendant | 11-7-05 |

ISSUING PERSON'S NAME, ADDRESS AND PHONE NUMBER

Jennifer Lubinski, Esquire                                         (410) 539-5881
Lord & Whip, P.A., 36 S. Charles St., 10th Flr., Baltimore, MD 21201

(SEE RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE ON REVERSE)

WHITE—ORIGINAL    YELLOW—FOR RETURN SERVICE    PINK—OFFICE COPY

Form CV(6)-433/May 94                                                                  4-1855 wd-392



Authorization as required by D.C. Code §14-307 and Brown v U.S., 567 A. 2d 426 (D.C. 1989), is hereby given for issuance of a subpoena for medical records concerning a person who has not consented to disclosure of the records and has not waived the privilege relating to such records.

<u>Judge Zinora M. Mitchell-Rankin</u>
Judge To Whom Case Is Assigned

## PROOF OF SERVICE

| SERVED | DATE | TIME | PLACE |
|---|---|---|---|
|  |  |  |  |

SERVED ON (PRINT NAME)    MANNER OF SERVICE
(attach return receipt if service was made by registered or certified mail)

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the District of Columbia that I am at least 18 years of age and not a party to the above entitled cause and that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                    DATE                        SIGNATURE OF SERVER

                                      _____
                                         ADDRESS OF SERVER

RULE 45, SUPERIOR COURT RULES OF CIVIL PROCEDURE, Sections C & D:

(c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this Rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 25 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(b)(iii) of this Rule such a person may in order to attend trial be commanded to travel from any such place to the place of trial, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or,

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 25 miles to attend trial, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

(d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.