# IN THE SUPERIOR COURT OF THE
## DISTRICT OF COLUMBIA
## CIVIL DIVISION

MELVIN JACKSON                               *

    Plaintiff                          *        CIVIL ACTION NO.: 05-0005718
                                                      Cal. 11
v.                                           *        Judge Combs Greene

EDGEWOOD MANAGEMENT CORP.,                   *
et al.
                                             *

    Defendants                        *

*    *    *    *    *    *      *    *    *    *    *

## PLAINTIFF'S REQUEST FOR THE PRODUCTION OF DOCUMENTS TO DEFENDANT, EDGEWOOD MANAGEMENT CORPORATION

    The Plaintiff, Melvin Jackson, by his attorney, Kenneth M. Trombly, requests that the

defendant produce legible copies of the following documents and other tangible items at the

offices of Schultz & Trombly, PLLC, 1050 17th Street, N.W., Suite 1250, Washington, D.C.

20036, within thirty (30) days from the date of this request:

    (a)    "Document" means any written, recorded, or graphic matter however produced or

reproduced including, without limitation, letters, telegraphs, memoranda, agreements, records,

notes, correspondence, diaries, photocopies, checks, checkbook registers, savings account

passbooks, account books, charts, and all other papers and writings, including drafts, originals

and copies, in your possession or control, or of which you have knowledge, wherever located. It

includes all matter that relates or refers in whole or part to the subjects referred to in a request. If

a document has been prepared in separate copies, or additional copies have been made, and the

copies are not identical (or which, by reason of subsequent modification of a copy by the

addition of notations, are no longer identical), each non-identical copy is a separate document.

**FILED**

**06 0055**

JAN 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**EXHIBIT**
21

(b)    "You" means the person to whom this request is being directed, his/her agents, employees, assigns, attorney, and all other persons acting on his/her behalf or on behalf of such agents, employees, assigns, and attorney.

(c)    The documents shall be produced as they are kept in the ordinary course of business or shall be organized and labeled to correspond with the paragraphs in this production request.

(d)    If any documents requested herein have been lost, discarded or destroyed, each such document should be identified as completely as possible, by stating the following information: (1) the nature of the document, (2) the date of disposal, (3) the manner of disposal, (4) the person authorizing the disposal, and (5) the person disposing of the document.

(e)    With respect to any documents which you decline to produce because of a claim of privilege, you are requested to provide the following information as to each such document: (1) the date, author, and type of document, (2) the name of all persons to whom the document was sent, (3) a summary of the contents of the document, and (4) a detailed description of the grounds for the claim of privilege or reason for non-production.

(f)    All document requests phrased in either the disjunctive ("or") conjunctive ("and") or both should be answered in the manner that makes your answer inclusive rather than exclusive.

(g)    All words used in the singular should be understood to also mean their plural and all words used in the plural should be understood to also mean their singular so as to make your answer inclusive.

(h)    The term "the occurrence," refers to the events which are the subject of plaintiff's complaint.

(i)    The term "the premises," refers to the Edgewood Terrace Apartments located at 635 Edgewood Street, NE, Washington, D.C. 20017.

(j)    The term "the stairs," refers to the stairs located at the premises on which Plaintiff fell on or about August 1, 2002.

## DOCUMENT REQUESTS

1.      All written policy and procedures, directives, bulletins, company manuals, rules and regulations, directives, notices or other documents in effect at the time of the occurrence, or since that time, utilized by defendant regarding:

        a.      maintenance and/or inspection of areas of ingress and egress at the premises;

        b.      exterior lighting;

        c.      safety of exterior stairs.

2.      Every report, form or other document prepared as a result of the August 1, 2002 occurrence (including but not limited to incident or accident reports, call-in reports, accident call records, memoranda and entries on any accident register or master ledger of accidents).

3.      Any documents or writings which you contend support any contention that the occurrence was in any way the fault of Plaintiff or of any other person or entity other than the defendant or its agents or employees.

4.      All reports, CVs, letters, and other documents received from all individuals who will be serving as expert witnesses on your behalf in this case; and all records, correspondence, documents and other materials that you or anyone on your behalf has supplied to any of your experts.

5.      All statements or admissions of Plaintiff that have been written, signed or otherwise recorded.

6. All documents that you relied on in answering Plaintiff's Interrogatories propounded to you.

7. All photographs, illustrations, videotapes, or other materials or things that depict any images or pictorial information that relate to any issues in this case.

8. All videotapes, films, surveillance tape or other recording or depictions of Plaintiff in your possession or to which you have access.

9. All written statements, audiotapes, videotapes, transcripts and other documents or things that include or reflect statements of any persons who are eyewitnesses or otherwise fact witnesses in this case.

10. All documents that reflect pre-occurrence and post-occurrence inspections of the stairs and/or lighting, and/or general safety at the premises any time from January 2002 through January 2005.

11. All documents that you intend to rely on at the trial of this case

12. All documents that reflect any admonishment or discipline of any of the employees of the defendant as a result of the occurrence.

13. All documents that contain or reflect information regarding other individuals who allege that they fell or were injured at the premises at any time within the past ten years.

14. All documents that contain or reflect information regarding other individuals who allege that they fell or were injured on the stairs at any time within the past ten years.

Respectfully submitted,

Kenneth M. Trombly, #199547
1050 17th Street, N.W.
Suite 1250
Washington, DC 20036
202-887-5000

*Attorney for Plaintiff*